MORRIS JASPER, Respondent, *v.* JACOB ROZINSKI, Appellant, Impleaded with ISIDORE L. BERKOWITZ and Others, Defendants.

First Department, March 22, 1918.

**Debtor and creditor — suit to set aside fraudulent conveyance and mortgage — effect of failure of judgment creditor to assert rights in suit of foreclosure — when judgment creditor not entitled to proceeds of foreclosure sale.**

Suit to set aside a conveyance of lands and a mortgage thereon which were made in fraud of the plaintiff, a creditor of the grantor. It appeared that the original grantee of the lands gave back a mortgage to his grantor who thereupon assigned the same to the present defendant for a consideration which was only one-fifth the amount of the mortgage debt. Thereafter the plaintiff procured judgment against the grantor and subsequently sued the grantee and the assignee of the mortgage to set aside the transactions and to have the judgment declared a lien upon the property. Before the suit was brought to trial the assignee sued to foreclose, making the plaintiff, who had filed a *lis pendens,* a party defendant. The present plaintiff made no defense to the suit of foreclosure and judgment was entered against him by default.

*Held,* that the failure of the present plaintiff to assert his claims in the suit of foreclosure was a complete bar to his present assertion that the lien of his judgment is superior to that of the mortgage, and hence that the plaintiff is not entitled to be repaid the moneys which the assignee of the mortgage received upon the foreclosure sale.

APPEAL by the defendant, Jacob Rozinski, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of March, 1917, upon the decision of the court after a trial at the New York Special Term.

*Abraham I. Spiro,* for the appellant.

*Wales F. Severance* of counsel [*A. S. Marcuson* with him on the brief; *Marcuson Bros.,* attorneys], for the respondent.

SMITH, J.:

The action is brought in equity to declare fraudulent and void certain transfers of property and a transfer of a mortgage by one Krulewitch to the defendant Rozinski, and to compel the defendant Rozinski to pay to the plaintiff the amount of a judgment which the plaintiff holds against said Krulewitch, who was the original owner of the property claimed to have been fraudulently transferred. The proof shows that Krulewitch transferred to Berkowitz real estate in fraud of the plaintiff, who was a creditor of Krulewitch. Berkowitz gave back to Krulewitch a mortgage of $5,000. Krulewitch thereafter assigned to the defendant Rozinski this $5,000 mortgage for a consideration of $1,000. After this assignment this plaintiff procured his judgment against Krulewitch. This plaintiff then brought an action against Krulewitch, Berkowitz and Rozinski to set aside all these transactions and to have his judgment declared a lien upon the property. That action was not brought to trial at once and in the meantime Rozinski brought an action to foreclose this mortgage, making the plaintiff a party thereto. The plaintiff's judgment was not apparently a lien upon these premises because the property had been transferred by Krulewitch before the judgment was obtained, but the plaintiff had filed a *lis pendens* in his action to set aside the transfer which is the action in which this judgment is obtained, and

because of this *lis pendens* was made a party to that foreclosure action. Before the commencement of this foreclosure action Krulewitch had become a bankrupt. His trustee in bankruptcy defended the foreclosure upon the ground of fraud, and that was compromised between the trustee in bankruptcy and Rozinski by allowing the judgment of foreclosure and sale of the property, and the payment to Rozinski of $1,000 of the proceeds and the payment to the trustee in bankruptcy of the balance thereof. This plaintiff, though a party to that action, made no defense, so that judgment was entered against him by default. After that judgment this case was pressed for trial. Rozinski by supplemental answer set up the obtaining of this judgment and claims that this judgment is a bar to the further prosecution of this action. The trial court held otherwise and declared that this judgment was a lien upon this property and required Rozinski to pay over to the plaintiff the amount that he received upon that mortgage, to wit, $1,000. From that judgment Rozinski has here appealed.

The trial court was, I think, in error. Of course Rozinski had a right to bring his action to foreclose his mortgage and would be entitled to an absolute foreclosure as against Berkowitz and Krulewitch. None of these transactions were void as to them. They were only void as to creditors. In the action, however, to foreclose this mortgage, this plaintiff could have set up in his answer that these transactions were all fraudulent as to him, and that his judgment was a lien superior to the lien of Rozinski's mortgage. Upon proof therein of the fraud the court would have so declared and plaintiff's judgment would first have been paid out of the proceeds of the sale. But plaintiff failed to assert his defense in that action and the judgment in effect declares that Rozinski's mortgage is a lien superior to his lien, and that Rozinski is entitled to the proceeds of the sale upon the judgment of foreclosure. As long as the establishment of the plaintiff's claim must rest upon his having the right to a lien superior to the mortgage upon this property the judgment in the foreclosure action to which he was a party defendant, which held otherwise, is a complete bar to his now asserting that the lien of his judgment is superior to the lien of the

Rozinski mortgage and that for that reason the plaintiff is not entitled to be repaid the moneys which Rozinski received upon that sale.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.