MORRIS JASPER, Appellant, v. JACOB ROZINSKI, Respondent, Impleaded with Others.

Equity — creditor's bill — bankruptcy — when equitable lien acquired by creditor's bill not affected by subsequent proceedings in bankruptcy against judgment debtor — judgment — when party to action in foreclosure not bound by judgment therein.

1. An equitable lien acquired by a creditor's bill is not affected by subsequent proceedings in bankruptcy, where the creditor obtained his judgment against the bankrupt and commenced his action as a judgment creditor more than four months before the filing of a petition in bankruptcy.

2. This is an action by a judgment creditor to set aside for fraud several conveyances, including a mortgage and an assignment of the mortgage. The demand for judgment is not only that the conveyances be set aside, but that plaintiff have leave to issue execution against the property included in the deeds as provided by chapter 13 of the Code of Civil Procedure, and also that the plaintiff have judgment against the defendants for the amount of his judgment and interest. At the

time of the delivery of one of the conveyances claimed and found to
be fraudulent, the judgment debtor took a mortgage from the grantee
and thereafter assigned it to a third person. The judgment debtor
was subsequently declared a bankrupt. Thereafter the assignee of
the mortgage commenced an action for its foreclosure, making the
plaintiff herein a party thereto although he had no interest in the prop-
erty covered by the mortgage; neither was he a necessary party.
There is no special allegation as to his interest, the complaint contain-
ing the usual allegation that he had or claimed a lien on the premises
subsequent to the mortgage. This plaintiff did not appear in the
action. A stipulation was made between the plaintiff in that action
and the trustee in bankruptcy of the judgment debtor by which each
was given an interest in the proceeds of the mortgage, and judgment
having been entered accordingly each received the stipulated sum.
On the trial of this action the deed, mortgage and assignment were
found to have been fraudulent as to this plaintiff and a judgment was
entered for an accounting by the assignee of the mortgage and a
recovery by plaintiff against him of the amount of the judgment.
*Held,* that the plaintiff's claim of fraud in the transfers was neither
tendered as an issue, litigated or in any way determined by the fore-
closure action, and he is not prevented from continuing this action to
judgment because he failed as a defendant in the foreclosure action
to appear and affirmatively establish the fraud therein. *Held, further,*
that plaintiff by filing his proof of claim in the bankruptcy proceeding
did not intend to and did not waive his cause of action for fraud. He
may follow the proceeds of the sale. (*Tax Lien Company of N. Y.* v.
*Schultze,* 213 N. Y. 9, 12, followed.)

*Jasper* v. *Rozinski,* 182 App. Div. 365, reversed.

(Submitted March 3, 1920; decided April 13, 1920.)

APPEAL from a judgment entered April 13, 1918, upon
an order of the Appellate Division of the Supreme Court
in the first judicial department, reversing a judgment in
favor of plaintiff entered upon a decision of the court on
trial at Special Term and directing a dismissal of the
complaint.

. The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*A. S. Marcuson* and *S. J. Rawak* for appellant. The
judgment of foreclosure was not a bar. (*Bell* v. *Merri-*

_field_, 109 N. Y. 202; _Dawley_ v. _Brown_, 79 N. Y. 390; _Frost_ v. _Koon_, 30 N. Y. 428; _Merchants Bank_ v. _Thompson_, 55 N. Y. 11; _Jacobie_ v. _Mickel_, 144 N. Y. 237; Code Civ. Pro. § 1207; _Clapp_ v. _McCabe_, 155 N. Y. 525; _Mathot_ v. _Turtel_, 102 App. Div. 426; _Lawrence Mfg. Co._ v. _Janesville Mills_, 138 U. S. 561; _Texas Pacific_ v. _So. Pacific Co._, 137 U. S. 56; _Cuccurullo_ v. _Societa Italiana_, 102 App. Div. 276.) The plaintiff's claim being in hostility to the mortgage and prior in right to the proceeds thereof, the foreclosure suit was not a proper action in which to litigate the claim. (_Nat. F. Ins. Co._ v. _McKay_, 21 N. Y. 191; _Merchants Bank_ v. _Thompson_, 55 N. Y. 11; _Metro. Trust Co._ v. _Dolgeville_, 34 Misc. Rep. 358; _Roarty_ v. _McDermott_, 84 Hun, 527; _Clapp_ v. _McCabe_, 155 N. Y. 532; _Emigrant Bank_ v. _Reilly_, 75 N. Y. 127; _Brown_ v. _Gallaudet_, 80 N. Y. 413; _Cantoni_ v. _Foster_, 12 Misc. Rep. 381; _Meyerhoffer_ v. _Baker_, 121 App. Div. 797.)

_Abraham I. Spiro_ for respondent. The judgment in the foreclosure suit is a bar to this action. (_Barber_ v. _Kendall_, 158 N. Y. 401; _Candee_ v. _Lord_, 2 N. Y. 269; _Wills_ v. _Fairchild_, 19 J. & S. 405; _Egleston_ v. _Knickerbocker_, 6 Barb. 458; _Ellis_ v. _Lyceum_, 62 Hun, 622; _Allis_ v. _Davidson_, 23 Minn. 442; _Lagrave_ v. _Hellinger_, 144 App. Div. 397, 402; _Lorillard_ v. _Clyde_, 122 N. Y. 41; _Nicholas_ v. _Lord_, 193 N. Y. 388.) Plaintiff could have litigated the validity of the bond and mortgage and the assignment in the foreclosure suit. (Thomas on Mortgages, § 897; _Jenkins_ v. _Good C. & M. Co._, 56 App. Div. 573; _Bell_ v. _Merrifield_, 109 N. Y. 202; _Brown_ v. _Gallaudet_, 79 N. Y. 390; _Reich_ v. _Cochran_, 151 N. Y. 122, 126; _Griffin_ v. _L. I. R. R._, 102 N. Y. 449; _Pray_ v. _Hegeman_, 98 N. Y. 351; _Brown_ v. _Mayor_, 66 N. Y. 385; _Mutual Life Ins. Co._ v. _O'Donnell_, 146 N. Y. 275; _Culross_ v. _Gibbins_, 130 N. Y. 447.) Appellant waived all rights to claim a lien on the property affected by the mortgage in question by proving his claim on his judgment against

Krulewitch, in the bankruptcy of the latter, as an unsecured claim. (*Ansonia Co.* v. *Babbitt*, 74 N. Y. 395; *Matter of Burr Mfg. & S. Co.*, 32 Am. Bankr. Rep. 708.)

CHASE, J. This is an action by a judgment creditor to set aside for fraud, several conveyances, including a mortgage for $5,000 and an assignment of that mortgage. The demand for judgment is not only that said conveyances be set aside, but that plaintiff have leave to issue execution against the property included in the deeds as provided by chapter 13 of the Code of Civil Procedure, and also that the plaintiff have judgment against the defendants for the amount of his judgment and interest.

On September 19, 1914, the plaintiff obtained a judgment against the defendant Sam A. Krulewitch for $1,055.65. It was docketed September 19, 1914, and execution was issued thereon which was returned wholly unsatisfied. In the months of August and September, 1914, prior to plaintiff obtaining his said judgment, the defendant Sam A. Krulewitch transferred to others three pieces of real property theretofore owned by him. Among the pieces of real property so transferred was the piece at No. 21 East One Hundred and Twelfth street. The conveyance thereof was made on August 12, 1914, to the defendant Berkowitz expressly subject to a mortgage for $13,000. At the time of the delivery of said deed to the defendant Berkowitz, he gave back to the defendant Sam A. Krulewitch a mortgage on the property of $5,000 dated the same day as the deed and it was duly recorded.

Said defendant Krulewitch on the 17th day of September, 1914, assigned the mortgage so given by Berkowitz to the defendant Rozinski and the assignment was duly recorded.

After the return of said execution against Krulewitch the plaintiff commenced a proceeding supplementary to said execution, and thereafter and in November, 1914, this action, and more than four months after September

19, 1914, and the commencement of this action, bankruptcy proceedings were commenced against Krulewitch and he was declared a bankrupt and a trustee in bankruptcy was duly appointed. It does not appear that the plaintiff filed a notice of the pendency of this action.

On the 24th day of March, 1916, more than a year after the alleged fraudulent transfers and the commencement of this action, the defendant Rozinski commenced an action to foreclose the said $5,000 mortgage.

So far as appeared of record, when the foreclosure action was commenced, the plaintiff in this action had no interest in the property covered by the mortgage, neither was he a necessary party to the action.

There are no special allegations in the complaint to show why the plaintiff was made a party thereto. The complaint contains the usual allegation that the defendants " and each of them have or claim to have some interest in or lien upon said mortgaged premises or on some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage or is subject or subordinate thereto." The demand is the ordinary demand for foreclosure and sale.

The trustee in bankruptcy who was served with the summons and complaint, answered the complaint setting up as a defense that the transfer of the mortgage by Krulewitch to the defendant Rozinski (the plaintiff in that action) was fraudulent and without consideration, and demanded affirmative relief adjudging the fraud, and the dismissal of the complaint.

The plaintiff in this action, as a defendant in that action, was served with the summons and a notice of the object of the action, and it was therein stated that " No personal claim is made against you." He did not appear therein.

The issues as between the plaintiff in that action and the trustee in bankruptcy, came on for trial and a stipu-

lation was thereupon entered into between them without the knowledge of the plaintiff herein, which recites that the parties thereto are willing to compromise the differences between them, and it was therein agreed that the plaintiff therein had an interest in the mortgage to the extent of $1,000 and interest, and that the mortgage and all rights thereunder, except to the extent of said $1,000 and interest, belong to and were thereby assigned to the trustee in bankruptcy. Judgment was thereupon entered as by default and upon the consent of the trustee in bankruptcy for the foreclosure of the mortgage, and payment was therein directed from the proceeds of sale according to said stipulation and assignment. The report of sale shows that the plaintiff therein (Rozinski) was paid the amount stipulated as due to him, and that the trustee in bankruptcy was paid the sum of $3,233.33, the net balance of the proceeds of sale.

Thereafter a supplemental answer was interposed in the action now before us setting up the foreclosure action and the judgment therein as *res adjudicata* in this action. When the issues in the action now before us came on for trial the judge at Special Term said in substance that it was his impression that plaintiff could not set aside the title of the purchaser to the property sold under the judgment in the foreclosure action, to which counsel for the plaintiff replied, " We make no claim now against the property." The case then proceeded to trial and testimony was taken relating to the alleged fraudulent transfer of the property No. 21 East One Hundred and Twelfth street by Krulewitch to Berkowitz, and the mortgage of $5,000 given to Krulewitch and its assignment to Rozinski, and the court found without qualification or reservation, that the transfer of the property itself, the giving of the mortgage and the assignment thereof, were with intent to hinder, delay and defraud the creditors of Krulewitch, and also that the deed, mortgage and assignment were without consideration,

and that Krulewitch was at the time insolvent. The court found the facts in regard to the foreclosure action and judgment, and judgment was entered in this action for an accounting by Rozinski, and a recovery by the plaintiff herein, against Rozinski, of the amount of his judgment against Krulewitch.

An appeal was taken therefrom to the Appellate Division where the judgment of the Special Term was reversed and the complaint dismissed "Upon the merits, with costs, this court (the Appellate Division) holding as a matter of law that the judgment specified in the 'Twelfth' finding of fact (the foreclosure judgment) is a complete bar to this action." (*Jasper* v. *Rozinski*, 182 App. Div. 365.) None of the findings of fact made at the Special Term were reversed or modified.

The plaintiff herein did not seek to have determined in this action whether the conveyance including the mortgage and the assignment thereof were valid as between the parties thereto. So far as appears they were unassailable as between them. He sought to show that they were fraudulent and void as against him and his judgment and to have the court so adjudge. His only purpose was to remove hindrances to the collection of his judgment.

A conveyance or assignment in writing or otherwise of an interest in real property with intent to hinder, delay and defraud creditors is void as against every person so hindered, delayed or defrauded. (Real Property Law [Cons. Laws, ch. 50], sec. 263.) And every such transfer of an interest in personal property is void as against persons so hindered, delayed or defrauded. (Personal Property Law [Cons. Laws, ch. 41], sec. 35.)

A general assignment made after the lien of a creditor has attached by the filing of a bill, only conveys the property to the assignee subject to such lien. (*Corning* v. *White*, 2 Paige, 567; *First Nat. Bank of Amsterdam* v. *Shuler*, 153 N. Y. 163, 171.)

An equitable lien acquired by a creditor's bill is not affected by subsequent proceedings in bankruptcy, where, as in this case, the creditor obtained his judgment against the bankrupt and commenced his action as a judgment creditor more than four months before the filing of a petition in bankruptcy. (*Metcalf* v. *Barker*, 187 U. S. 165; *Storm* v. *Waddell*, 2 Sandf. Ch. 494.)

We have presented to us, therefore, the simple question whether the plaintiff, a judgment creditor of Krulewitch, who duly commenced a judgment creditor's action to set aside conveyances including a mortgage and an assignment thereof, which were in fact given to hinder, delay and defraud the plaintiff in the collection of his judgment, is prevented from continuing the action to judgment, because he failed, as a defendant in the foreclosure action mentioned, to appear and affirmatively allege and establish the fraud in that action.

The burden of proof to show that a judgment is *res adjudicata* is upon the one asserting it. (*Campbell* v. *Consalus*, 25 N. Y. 613; *Rudd* v. *Cornell*, 171 N. Y. 114.)

The effect of making a person who claims a lien or interest in property superior to a mortgage or other lien, a party defendant in an action to foreclose such mortgage or lien was considered in *Tax Lien Company of N. Y.* v. *Schultze* (213 N. Y. 9, 12) where a question arose between the plaintiff in the action and a successful bidder at a tax lien sale pursuant to a judgment obtained in the action. The bidder refused to complete his purchase because of alleged easements of light, air and access existing in favor of adjoining owners. It appears that the adjoining owners were made parties to the action to foreclose the tax lien but failed to appear therein. The court say:

" The owners of the property adjoining the property described at the tax sale including the easements over the property so described were not necessary parties to the action to foreclose the tax lien   *   *   *."

" It is a general rule that a judgment is conclusive
between the parties and their privies upon all matters
embraced within the issues in the action which were or
might have been litigated therein. It is immaterial
whether issues are joined by an answer to the complaint
or tendered by the plaintiff and left unanswered. The
rule applies as well to a judgment by default when the
facts stated warrant the relief sought as to one rendered
after contest. (*Goebel* v. *Iffla,* 111 N. Y. 170.) Was
the question whether the defendants had easements in
the property described that are superior to the tax lien
an issue in the action? The answer to the question should
be determined from the judgment roll  *  *  *. It is
not disputed that the defendants were the owners of
easements appurtenant to adjoining lands. Such ease-
ments were acquired prior to the tax lien and were not
subject to it.

" If a plaintiff in any foreclosure action chooses to make
a person who claims that he holds a lien upon or interest
in the property sought to be foreclosed that is prior and
superior to the claim of the plaintiff, a party defend-
ant, either for the purpose of determining the amount
of the claim and paying it from the proceeds of sale or of
having the same declared to be subject and subordinate to
his lien, such claim should be clearly stated in the com-
plaint. When a plaintiff so clearly states his claim in a
complaint the defendant must appear in the action and
present his claim by appropriate pleading or pleadings,
and if necessary by proof or suffer the ordinary conse-
quences of a default.

" If the plaintiff's claim is not so clearly stated in the
complaint, but some general allegations are used therein
to the effect that a claim is made by the defendant ' as
subsequent purchaser or encumbrancer or otherwise,' it
will not bar the defendant of rights that are superior and
paramount to that of the plaintiff if he default therein.
(*Lewis* v. *Smith,* 9 N. Y. 502; *Merchants Bank* v. *Thompson,*

55 N. Y. 7; *Emigrant Industrial Savings Bank* v. *Goldman,* 75 N. Y. 127; *Goebel* v. *Iffla, supra; Nelson* v. *Brown,* 144 N. Y. 384; *Anderson* v. *McNeeley,* 120 App. Div. 676; *Fern* v. *Osterhout,* 11 App. Div. 319; *Barker* v. *Burton,* 67 Barb. 458; *Jacobi* v. *Mickle,* 144 N. Y. 237.)"

Even if we assume that it would have been a proper issue if tendered for determination in the foreclosure action, the plaintiff's claim of fraud in the transfers as stated was neither tendered as an issue, litigated, nor in any way determined by that action. (*Merchants Bank* v. *Thomson,* 55 N. Y. 11.)

The plaintiff herein does not assert a lien on the real property at 21 West One Hundred and Twelfth street or that he has a claim of any kind as against the purchaser at the foreclosure sale. The issues in the action before us involve the transfer of the property at 21 West One Hundred and Twelfth street and other property, as well as the giving of the mortgage and its assignment. The issues would not have been the same in the foreclosure action even if the plaintiff had appeared therein and served an answer including a cross-bill. The important fact herein is that no issues were tendered or joined as between the plaintiff therein, and the plaintiff in this action. (*Rudd* v. *Cornell,* 171 N. Y. 114, 127; *Merchants' Bank* v. *Thomson,* 55 N. Y. 11; *Emigrant Ind. Sav. Bank* v. *Goldman,* 75 N. Y. 127, 132; *Clapp* v. *McCabe,* 155 N. Y. 525; *Bell* v. *Merrifield,* 109 N. Y. 202, 211.)

In the foreclosure action the judgment was entered without a trial and without findings. It was not only entered by default but upon a stipulation which permits an inference of fraud.

The judgment in the foreclosure action did not purport to adjudge the validity of the mortgage as against the plaintiff herein and did not estop the plaintiff from pursuing his remedy in this action. (*Valentine* v. *Richardt,* 126 N. Y. 272.) He may as against the defendant Rozinski, one of the fraudulent transferees, follow

the proceeds of sale and treat the same as having taken the place of the real property on which the mortgage was an apparent but fraudulent lien. Plaintiff by filing a proof of claim in the bankruptcy proceeding or taking any other action therein so far as appears from the record did not intend to nor did he waive his cause of action for fraud. (*Friend* v. *Talcott,* 228 U. S. 27.)

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ELKUS, JJ., concur.

Judgment reversed, etc.