EDWIN M. SLOTE et al., as Trustees in Bankruptcy of PETER BARMANN BREWING COMPANY, INC., Appellants, *v.* CASCADE HOLDING CORPORATION, Respondent, Impleaded with Others.

Submitted October 6, 1937; decided November 23, 1937.

*Louis Winer* and *Seymour J. Shapiro* for appellants. Since the issues involved in the present action were not raised or necessarily involved in the foreclosure suit, the doctrine of *res adjudicata* has no application. (*Cheney Hammer Co.* v. *Collins*, 196 N. Y. Supp. 25; *Newgent* v. *Alsberg*, 173 App. Div. 878; *Lee* v. *Schmeltzer*, 229 App. Div. 206; *Karp* v. *Harlem Business Protective Corp.*, 145 Misc. Rep. 280; *Robinson* v. *Whitaker*, 205 App. Div. 286; *Jasper* v. *Rozinski*, 228 N. Y. 349; *Raymond* v. *Richmond*, 78 N. Y. 351; *Small* v. *Gilbert*, 56 Fed. Rep. [2d] 616; *Matter of Baumgartner*, 55 Fed. Rep. [2d] 1041; *Barber* v. *Kendall*, 1 App. Div. 247; *Brooks* v. *Wilson*, 125 N. Y. 256.) Since no answer was interposed in the foreclosure action and the complaint requested no affirmative relief as against the plaintiffs-appellants, the issues presented by the amended complaint were not tendered or determined in the foreclosure action. (*Peck* v. *N. Y. & N. J. Ry. Co.*, 85 N. Y. 246; *Clapp* v. *McCabe*, 155 N. Y. 525; *MacAffer* v. *Boston & Maine R. R.*, 268 N. Y. 400; *Boston & Maine R. R.* v. *D. & H. Co.*, 268 N. Y. 388.) The plaintiffs are not bound by the judgment of foreclosure in another action wherein they were not parties and did not submit to the jurisdiction of the court. (*Shaul* v. *Fidelity & Deposit Co.*, 131 Misc. Rep. 401; *Universal Credit Co.* v. *Blinderman*, 159 Misc. Rep. 802; *Harlem Business Center* v. *Rothenberg*, 123 Misc. Rep. 381; *Buffalo Fire Appliance Corp.* v. *City of Norwich*, 156 Misc. Rep. 486; *Peck* v. *N. Y. & N. J. Ry. Co.*, 85 N. Y. 246; *Clapp* v. *McCabe*, 155 N. Y. 525.)

*Max L. Rothenberg* for respondent. The plaintiffs having voluntarily intervened in the foreclosure suit,

they became parties thereto and are bound by the judgment therein. (*Fish* v. *Vanderlip*, 218 N. Y. 29; *Matter of Di Donato* v. *Rosenberg*, 230 App. Div. 538; 256 N. Y. 412; *Matter of Trowbridge*, 266 N. Y. 283; *Chambers* v. *Bacon*, 153 App. Div. 194; *Dunlap* v. *Sweet Brothers Paper Mfg. Co.*, 211 App. Div. 363; *Weed* v. *First National Bank*, 117 App. Div. 340; *Smith* v. *Pure Strain Farms Co.*, 167 N. Y. Supp. 877; *Leighton* v. *New York Rys. Co.*, 169 App. Div. 553.) The trustees' motion to interpose an answer also constituted a general appearance in the action. (*Keating* v. *Equitable Surety Co.*, 235 N. Y. Supp. 281; *Crystal & Son* v. *Ohmer*, 79 Misc. Rep. 227; *Goldstein* v. *Goldsmith*, 28 Misc. Rep. 569; *Wichert* v. *Gallagher*, 201 N. Y. Supp. 186; 206 App. Div. 756; *Tierney* v. *Helvetia Swiss Fire Ins. Co.*, 138 App. Div. 469.) The amended complaint being substantially identical with the proposed answer in the foreclosure suit, the judgment in that action is *res adjudicata.* (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Wille* v. *Maier*, 256 N. Y. 465; *Sielcken-Schwarz* v. *American Factors*, 265 N. Y. 239; *Fairview-Chase Corp.* v. *Scharf*, 225 App. Div. 232; 254 N. Y. 564; *Werring* v. *Selig*, 241 App. Div. 67; 266 N. Y. 566; *Butterly* v. *Maribert*, 234 App. Div. 424; 260 N. Y. 554; *Elna Realty Co., Inc.*, v. *Mamaquarro Apartments Corp.*, 234 App. Div. 105.) The estoppel of a former judgment extends to judgments by default as well as to those rendered after a determination on the merits. (*Stewart* v. *Stewart*, 198 App. Div. 337; *Matter of Stillwell*, 139 N. Y. 337; *Goldsmith* v. *Engs*, 169 N. Y. Supp. 828; *Brown* v. *Epstein*, 151 N. Y. Supp. 527; *Kohly* v. *Fernandez*, 133 App. Div. 723; *Lawton* v. *Hudson*, 19 App. Div. 522.)

LEHMAN, J. In August, 1928, the Peter Barmann Brewing Company executed and delivered to the Kingston Trust Company, for a valuable consideration, its bond in the sum of $25,000, secured by a mortgage on premises owned by the brewing company. On October 14, 1932,

the Kingston Trust Company assigned the bond and mortgage to one Morris A. Edelman, and on October 26, 1932, Edelman assigned the bond and mortgage to the defendant Cascade Holding Corporation. In October, 1934, the brewing company was adjudicated a bankrupt, and the plaintiffs were appointed trustees in bankruptcy. In September, 1934, the Cascade Holding Corporation, as holder of the bond · and mortgage executed and delivered by the brewing company, brought an action to foreclose the mortgage. Judgment of foreclosure was entered in July, 1935, and, upon the sale held pursuant to the judgment, the Cascade Holding Corporation purchased and now holds the mortgaged premises.

The trustees in bankruptcy of the brewing company have brought an action for the purpose of challenging the good faith and validity of the assignment made in 1932 to Cascade Holding Corporation of the mortgage executed by the brewing company in 1928. They allege in their complaint that the holding corporation was " organized by and composed of " the three individual defendants, Handel, Sheehan and Andretta, who also were " the owners and in control of " the brewing company. That the holding corporation was a " mere dummy and subterfuge " for them and was " created solely and exclusively for the purpose of defrauding creditors " of the brewing company. The gist of the complaint is that the consideration for the said assignment of the bond and mortgage, from the Kingston Trust Company to Edelman and from Edelman to Cascade Holding Corporation, was paid with moneys belonging to the brewing company and that such payments. were made and the assignments were executed for the purpose of hindering and delaying and defrauding the creditors of the brewing company and of secreting and disposing of the assets of the brewing company to prevent its creditors from recovering the indebtedness due to them.

The mortgagor brewing company could properly pay its moneys to the mortgagee in satisfaction of the mort-

gage; so, too, in some circumstances it might properly pay its moneys to the mortgagee as the consideration for an assignment of the mortgage to a person who would hold it for the benefit of the corporation. Payment, however, of moneys of the mortgagor as consideration for an assignment of the mortgage to a dummy corporation for the purpose of concealing the assets of the mortgagor and defrauding the creditors of the mortgagor would be a wrong to them. The plaintiffs, alleging that such a wrong has been done to the creditors, seek in this action a remedy in their behalf. They ask that the court declare that by payment of the mortgagor's moneys to the mortgagee the mortgage was discharged, and that upon the sale of the mortgaged property under the judgment of foreclosure the assignee could acquire no rights to the property except as trustee for the mortgagor; and, to give effect to that declaration, they ask that the court should direct that the mortgaged property be conveyed to the trustees in bankruptcy of the mortgagor.

The defendants do not attack the sufficiency of the allegations of the complaint to constitute a cause of action nor do they deny these allegations. The motion which has been granted is based upon the assertion that the judgment in the foreclosure action is a conclusive adjudication on the merits in favor of these defendants upon the cause of action as alleged. The complaint in the foreclosure action demanded no relief against the trustees in bankruptcy. Indeed, when the action was begun the mortgagor had not been adjudicated a bankrupt. The plaintiffs do not even now claim that the mortgage was invalid; the alleged assignment to the plaintiff in that action was, it is claimed, a wrong by the *mortgagor* and those in control of the mortgagor to the *creditors* of the mortgagor. In litigation between the wrongdoers to which the creditors were not parties or otherwise represented, the rights of the creditors could not be litigated.

While the foreclosure action was pending the plaintiffs were appointed trustees in bankruptcy and upon their motion or request an order was entered permitting them to intervene in the foreclosure action. Then the plaintiffs did have opportunity to litigate in that action the claim to relief for the alleged wrong done to the creditors of the mortgagor, which forms the basis of the complaint in the action which they now are bringing. If they had done so an adjudication upon the merits would have been conclusive. They failed, however, to serve an answer when they had the right to do so. They waited until after entry of judgment in the foreclosure action and until after notice of sale had been served upon them. Then they asked permission to interpose an answer which they annexed to the motion papers, but the court refused to grant to the plaintiffs, after entry of judgment, permission to litigate issues, in the action, which they had failed to raise earlier when they had received right to do so.

The plaintiffs by these motions and proceedings made themselves parties to the foreclosure action and are bound by the judgment therein, to the same extent as if they had been named in the original summons, but not to any greater extent. The judgment is conclusive upon them " upon all matters embraced within the *issues* in the action which were or might have been litigated therein." (*Jasper* v. *Rozinski*, 228 N. Y. 349, 357.) The complaint asks no relief against the creditors of the corporation or the trustees in bankruptcy acting in their behalf, and contains no allegations upon which any relief might be granted. It tendered no issue which the trustees in bankruptcy, even if made parties, were called upon to litigate. True, the trustees had the right to raise such an issue by answer and preferred not to do so. They can gain nothing by their default. A judgment against them for the relief demanded in the complaint would be binding upon them though they might have successfully interposed a defense to that claim. The merits of a controversy

may not be litigated twice and where " the causes of action are the same the judgment is conclusive as to every matter of law or fact involved in the claim, whether urged or not." (2 Freeman on The Law of Judgments [5th ed.], § 708.) On the other hand, though it is true that a judgment in favor of the plaintiff in the foreclosure action for the relief demanded in the complaint is as conclusive upon parties to the action, though they failed to interpose a defense, as the judgment would have been if the defense had been litigated, yet it is also true that the failure to interpose an answer cannot enlarge the scope of the issues tendered by the complaint or permit a judgment " more favorable to the plaintiff than that demanded in the complaint." (Civ. Prac. Act, § 479.)

In *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304) this court, in an opinion by CARDOZO, Ch. J., stated the rules which determine the scope of a prior adjudication. We need not pause to restate them now. In the original foreclosure action no cause of action was asserted against the creditors of the mortgagor or the trustees in bankruptcy of the mortgagor, and no relief was demanded against them. The trustees are now asserting against the Cascade Holding Corporation, which was the plaintiff in the foreclosure action, a cause of action for affirmative relief based upon allegations of wrong done to creditors of the mortgagor by the mortgagor and Cascade Holding Corporation. In the foreclosure action the cause of action against both wrongdoers could not be asserted by one against the other. It would not, as we have said, constitute a defense to the foreclosure action available to the defendant mortgagor. The trustees in bankruptcy became parties to the foreclosure action though no claim was asserted there against them because they wished to assert in that action a claim to the mortgaged premises superior to the claim of the plaintiff in the foreclosure action. That claim has never been litigated; the judgment in the foreclosure action established no rights

inconsistent with the assertion now of that claim, and is not an adjudication of that claim. (*Schuylkill Fuel Corp. v. Nieberg Realty Corp., supra.*) *Jasper* v. *Rozinski* (*supra*) presented the same problem that is here presented, and our decision there is controlling. The claim may be entirely without substance but that cannot be determined upon this motion.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.