## In the Matter of the Estate of NICHOLAS SCISCENTE, Deceased.

Surrogate's Court, Bronx County, February 9, 1938.

*Abraham L. Doris,* for Clara Sciscente, petitioner.

*Charles Entmacher,* for Angelina Sciscente, as one of the administrators, etc., respondent.

HENDERSON, S.   On August 9, 1937, an infant distributee filed a petition for the revocation of letters of administration theretofore issued to the coadministratrix on the ground that the administratrix is not the widow of the decedent.   Upon the infant's nomination, a special guardian was duly appointed to represent her in this revocation proceeding.   The citation herein was returnable on October 18, 1937, and adjourned to October 20, 1937.   The administratrix opposed the application on the ground, *inter alia,* that in a proceeding to settle the account of her coadministrator a decision had been rendered on November 12, 1936, wherein she was again declared to be the widow of the decedent.   Prior to such accounting, a petition

by a son of the decedent for the revocation of her letters had been dismissed upon the merits. (*Matter of Sciscente*, 157 Misc. 499; affd., 248 App. Div. 702.) On December 4, 1936, the present special guardian was duly substituted as attorney for the accounting coadministrator, but no decree settling his account was entered until October 21, 1937. It has been noticed for settlement by an attorney recently substituted as attorney for the administratrix who had filed objections to the account. It again adjudicated that she is the decedent's widow. Subsequent to the entry of the decree, the administratrix filed an answer alleging the entry thereof and praying for a denial of the application to revoke her letters.

The petitioner now moves for the issuance of a commission. Upon this motion the administratrix directly raises the question of *res judicata* by reason of the adjudication in the accounting proceeding that she is the decedent's widow.

In the proceeding to settle the administrator's account the issue of the status of the administratrix was actually litigated and determined in her favor. No appeal has been taken from the decree therein and no motion pertaining thereto has been made. The petitioning infant was duly cited therein and was duly represented therein by another special guardian.

The decree entered therein is binding and conclusive upon such infant as well as upon the other parties to that proceeding. (Surr. Ct. Act, §§ 80, 274; *Slote* v. *Cascade Holding Corp.*, 276 N. Y. 239; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304, 306; *Griffin* v. *Keese*, 187 id. 454, 464; *Matter of Tilden*, 98 id. 434, 441; *Cauldwell-Wingate Company* v. *City of New York*, 252 App. Div. 559, 562; *Matter of Baker*, 249 id. 265, 267; *Loeb* v. *Hasslacher*, 209 id. 58, 60.)

Motion for the issuance of a commission denied.

Settle order.