Johnston, J.
(dissenting). I dissent and vote to direct judgment for plaintiff, without costs.
There is no dispute that the tax which plaintiff sought to enforce by the in rem foreclosure action, pursuant to title 3 of article VII-A of the Tax Law, "was validly assessed. Nor is there any dispute that all parties in interest received proper notice of the pendency of the foreclosure action by all the methods prescribed by the Tax Law (filing of the list of delinquent taxes, publication, mailing, and posting). The sole objection to plaintiff’s title is that the last day for redemption contained in the notice of foreclosure published pursuant to section 165-b of the Tax Law was forty-seven days after the date of the first publication of the notice, instead of forty-nine days from that date. It is not necessary to determine whether a party in interest would have seven full weeks from the date of the first publication of the notice for redemption despite the statement of a shorter period therefor in the published notice of foreclosure. It is conceded that all parties in interest were, in fact, given the full period for redemption required by the statute regardless of the lesser period stated in the notice of foreclosure.
*510 Although the defective notice may have constituted a good defense if pleaded and relied on by a party in interest (City of New Rochelle v. Stevens, 271 App. Div. 977), the defective notice would not constitute a bar to the entry of a judgment of foreclosure of the tax lien if not relied on, even if the defense were pleaded. (City of New, Rochelle v. Closter, 269 App. Div. 1053, appeal dismissed 296 N. Y. 506.) Where a party in interest fails to redeem before the expiration of the redemption period mentioned in the notice published pursuant to section 165-b of the Tax Law, the defective notice of foreclosure must be raised by answer setting forth “ any defense or objections to the foreclosure ” (italics supplied) of the tax lien, or the party in interest is barred and forever foreclosed of all his right, title, and interest in the property involved. (Tax Law, § 165-a, subd. [2].) Section 165-g of the Tax Law provides that a defendant alleging any jurisdictional defect or invalidity, either in the tax or in the sale thereof, must particularly specify in his answer such jurisdictional defect or invalidity and must affirmatively establish such defense. The language of the statute indicates, as this court has inferentially and the Court of Appeals has expressly held (City of New Rochelle v. Closter, supra; cf. Dodge v. Cornelius, 168 N. Y. 242), that the constitutional question arising by reason of the defective notice of foreclosure may be waived by failure to raise the objection by answer. The statutory provision as to notice of redemption was designed for the protection solely of the property rights of parties in interest in the property involved, who may consent to such action as Would be invalid if taken against their will. (Shepherd v. Mount Vernon Trust Co., 269 N. Y. 234, 246.)
Furthermore, pursuant to section 165-h of the Tax Law, the judgment of foreclosure entered was based on a conclusion of law that plaintiff had fully and completely complied with all the requirements of article VII-A of the Tax Law in question. The court had jurisdiction to hear and determine whether the provisions of the Tax Law had been complied with and its determination was authoritative of the question. The judgment of foreclosure based on that conclusion of law removed any shadow of doubt which may have been cast on. the title of plaintiff. Plaintiff’s title thus came within the test formulated in Lynbrook Gardens, Inc. v. Ullmann (291 N. Y. 472). Although the judgment of foreclosure was entered by default, a judgment based on a conclusion of due compliance by plaintiff with the Tax Law is conclusive between the parties upon the matters *511 embraced within the issues. (Jasper v. Rozinski, 228 N. Y. 349, 357; Tax Lien Co. v. Schultze, 213 N. Y. 9.) Even if the conclusion were erroneous, it is binding until reversed. (John v. Berzon, 255 App. Div. 1023.) The default judgment of foreclosure against the owner is binding against him though he might have successfully interposed a defense to the action. (Slote v. Cascade Holding Corp., 276 N. Y. 239, 244.)
Moreover, this defendant may not raise the constitutional question resulting from the shorter period of redemption published in the notice of foreclosure when every party in interest having the power to raise the objection has waived it by defaulting. It is not within the province of this defendant to say that the property was illegally taken from the owner. (People v. Turner, 117 N. Y. 227, 234.)
Plaintiff has a marketable title and defendant should be compelled to perform his contract in accordance with its terms. City of Utica v. Proite (288 N. Y. 477) is direct authority for the proposition that a vendee may be compelled specifically to perform his contract of purchase with a tax district which acquired its title in an in rem proceeding, even though the vendee attacks the statute as unconstitutional.
Carswell, Adel and Sneed, JJ., concur with Hagarty, Acting P. J.; Johnston, J., dissents and votes to direct judgment for plaintiff, without costs, with opinion.
Judgment directed for defendant, without costs.