In the Matter of the Application of PATRICK W. WALSH, Petitioner, for a Mandamus Order against WILLIAM B. PATTERSON, as City Manager of the City of Auburn, and Others, Respondents.

Supreme Court, Cayuga County, November 24, 1935.

*John W. Barnell*, for the petitioner.

*William S. Elder*, for the respondents.

KENYON, J. This is an application for an alternative order of mandamus directed to William B. Patterson, as city manager of the city of Auburn, and the council of the city of Auburn, etc., asking that the city manager and the council be directed and commanded to restore and reinstate the petitioner, Patrick W. Walsh, to his former employment as a laborer in the water department in the city of Auburn, where he alleges he had been performing the duties of an extra filter operator and workman, and from which he alleges he was unlawfully discharged, and further directing that he be paid his salary at the rate he was receiving at the time of his discharge from the day of that discharge to the date of this application.

Under date of August 24, 1932, the petitioner, Patrick W. Walsh, made a similar application to this court, which was granted, and an alternative order of mandamus was entered. From this order an appeal was taken and the order was reversed by the appellate court (239 App. Div. 757) upon the ground that the allegations in the petitioner's petition were not sufficient to show that he was at the time of his release from service occupying a position in the civil service *de jure* under an appointment after proof of merit and fitness. (*Matter of Meehan* v. *Flaherty*, 119 App. Div. 128; *People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513.) The order of the Appellate Division, however, was made without prejudice to a renewal for the purpose of meeting the defect indicated. The petition now before the court is the outgrowth therefrom.

In *People ex rel. Huber* v. *Adam* (116 App. Div. 613) the doctrine was established that a writ of mandamus can be issued only when the right to it is clear and absolute, *i. e.*, when the applicant has shown himself to have been legally appointed to some position recognized by the civil service commission. It follows, therefore, that the absolute right of the petitioner to be appointed to some position recognized by the civil service commission under and by virtue of a well-established provision in the law is necessary before

he can claim preference, even if a veteran. (*Matter of De Salvo* v. *Murray*, 262 N. Y. 573.) The petitioner can only be restored by action of this court, under and by virtue of the relief now sought, to some position authorized and recognized by the civil service commission of the city of Auburn and provided for in its charter, which he can, by proper and sufficient allegations, show that he occupied and held previous to his discharge. If he held no such position, there is no position to which this court can direct the city manager and the council to restore him.

At the time the petitioner went to work for the city of Auburn, as well as at the time he was released, the city of Auburn was working under a set of rules adopted for the admission of appointees or employees to the civil service of the city of Auburn, N. Y., adopted in 1921.

By rule III the classified service of the city of Auburn is hereby divided into four classes, viz.: The exempt class, the competitive class, the non-competitive class, and the labor class. The labor class shall include the positions specifically named in the schedule annexed. That schedule is contained in rule XIX, under the heading " Classification," and classifies the various departments as follows: Unclassified service. Classified service — Schedule A. Exempt class; Schedule B. Competitive class; Schedule C. Non-competitive class; Schedule D. Labor class. Under Schedule D, Labor class, appears the following: (1) Teamsters, (2) chauffeurs, (3) and all persons performing unskilled labor.

Rule IV, subdivision 4, provides: " Appointments to positions in the Labor Class shall be made by the appointing officers in the various departments, subject to the conditions hereinafter provided."

Rule XII, under the heading " Registration and Certification of Labor Class," provides:

" 1. All positions in the labor class of civil service shall be divided into permanent and emergency positions.

" 2. Permanent positions in the labor class shall be filled as provided by these rules.  * * *

" 3. All present occupants of permanent positions in the labor class shall be placed by the secretary upon the roster of the labor class in their proper departments and shall be certified by him as properly appointed.

" 4. The commission shall register applicants at any time for the purpose of creating eligible lists for the class of permanent appointees as above mentioned.

" 5. Applicants for positions under the labor class who produce satisfactory evidence of their capacity to labor and their habits as to industry and sobriety shall be registered in the order of their

application. The register shall state (1) the name, (2) age, (3) residence, (4) citizenship, (5) service in the army or navy in the time of war, (6) previous occupation, (7) references and such information as may be required."

We would now expect to find a provision that a permanent appointment in the labor class must be made from the register of applicants, or so-called eligible list, but it does *not* appear. Subdivision 6 deals with temporary or emergency service, not permanent appointments or permanent service. No further provisions appear at this point. At no place in the rules does there appear any provision directing that appointments in the labor class are to be made from the register of the applicants, or eligible list. Granted the rules are defective in that respect, nevertheless, it is true.

Now, therefore, if the rules do not provide that appointments in the labor class shall be made from the register or eligible list, it is not proper to indulge in a presumption that the appointment was so made. The only effect that a presumption could have would be that it was presumed to have been done legally and in accordance with the law upon that subject. If there is no rule or law upon a given subject, no presumption can be deemed to arise from the doing of an act.

The petitioner not only does not say that an eligible list was ever prepared, that he ever registered prior to his being discharged from service, or that his name ever appeared upon an eligible list, but he does not say he ever applied to be registered and have his name placed on such an eligible list. True he does set up in this second petition that he took an examination for filter operator. He admits, however, that he did not qualify as one of the three highest competing. Therefore, he did not show himself entitled to be placed on the eligible list.

The affidavit of Mr. Patterson, the city manager, positively states that his name does not appear upon any such eligible list.

The petition criticizes the city for not having kept such an eligible list as is provided in subdivisions 4 and 5 of rule XII. But, the language of subdivision 4 is: " The commission shall register applicants at any time for the purpose of creating eligible lists." The city has not failed in its duty to him. The failure, if any, and the defect arising therefrom, is chargeable to the petitioner, he never having made application therefor.

Passing now to section 18 of the Civil Service Law of the State of New York, that section deals with registered list of applicants. This section, likewise, does not say that it is the duty of the city to go out and prepare a list. It does say that it is the duty of the city to make a list of applicants, entering them in a suitable register, and

that shall constitute an eligible list from which appointments in the labor class are to be made.

Wherein has the petitioner shown by his present petition that he did occupy a position in the civil service *de jure* in the city of Auburn prior to his discharge? It is believed that such a showing has not been sufficiently made. The petitioner never before his discharge made application to have his name placed upon a register which would have entered his name in an eligible list. The petitioner does not show any authority whereby he became an appointee or employee *de jure* of the civil service of the city of Auburn.

The application for an alternative writ of mandamus is, therefore, denied, without costs.

Let an order be entered accordingly.