CECILIE ADAMIK, Plaintiff, v. ENGELBERT ADAMIK, Defendant.

Supreme Court, Special Term, Broome County, January 21, 1948.

*Harry Kantor* for plaintiff.

*Marvin S. Tananhaus* for defendant.

SANTRY, J. This is a motion by the plaintiff for an order vacating and voiding a separation agreement, setting aside and canceling a deed given pursuant to a judgment for specific performance of such separation agreement, and for an order directing the defendant to pay temporary alimony and counsel fees.

The defendant has made a cross motion under rule 107 of the Rules of Civil Practice for an order dismissing the complaint on the ground that there is an existing final decree rendered on the merits determining the same cause of action between the parties hereto.

It appears that on May 9, 1942, the parties to this action entered into a separation agreement which contained the usual

provisions for living separate and apart, and provided for certain property adjustments which the wife agreed to accept in lieu of support.

The principal financial clauses in the agreement provided that the husband should pay the wife the sum of $2,150, and that in consideration thereof the wife would release the husband from all liability for her support and that of an infant son of the parties, and would execute and deliver to the husband a deed of her interest in a farm owned by the parties as tenants by the entirety, and a bill of sale of the personal property on the farm. The $2,150 was to be paid in cash to the amount of $1,150, and the balance by a mortgage for $1,000 on the farm.

The husband paid over the $1,150 to the wife in pursuance of the agreement, but the wife did not execute or deliver a deed of her interest in the farm.

On July 24, 1943, the husband commenced an action against the wife in Supreme Court for specific performance of the agreement, and asked for a judgment directing the wife to execute and deliver a deed of the farm in accordance with the terms of the contract.

In his complaint he set out the agreement, alleged that he had made the payment of $1,150 in cash, and that he was ready and willing to pay the balance in cash; that he had demanded that the wife execute and deliver the deed; that she had refused, and that he had performed all the terms and conditions of the agreement on his part to be performed, and he demanded judgment that the wife be required to specifically perform the agreement and particularly to execute and deliver a deed of said farm.

The wife did not appear in the action. The action was brought to trial on default; the court made findings of fact in accordance with the allegations of the complaint and a conclusion of law that the husband was entitled to a judgment of specific performance directing the wife to convey by deed her interest in the farm upon the payment of the sum of $1,000. Judgment was rendered accordingly on the 7th day of January, 1944, with $50 costs.

Thereafter the husband caused a copy of the judgment to be served on the wife, presented her a deed for signature, and tendered her $950, representing the unpaid balance less the costs of the action. The wife refused to execute the deed or accept the tender.

On the 4th day of August, 1944, the husband made application to the Supreme Court and obtained an order directing the Sheriff of Broome County to execute and deliver to him in the name of his wife, a deed of her interest in said farm, and to receive on her behalf the sum of $950 'less $10 costs of the motion.

Thereafter the Sheriff executed and delivered such deed, received the sum of $940, and deposited the same with the Treasurer of Broome County, where it still remains.

Subsequent to these events the wife commenced the present action against the husband. In her complaint she sets up two causes of action. For the first cause of action she alleges that the separation agreement is illegal and void because it was executed by her without an understanding by her of its import, and because it is unfair, inequitable and inadequate to provide for her support.

For the second cause of action she alleges acts of cruelty and violence committed before the date of the separation agreement, making it unsafe for her to cohabit with the defendant, and also, that since the execution of the agreement he has abandoned her and neglected to provide for her.

The complaint demands judgment that the separation agreement be declared null and void; that the conveyance of the plaintiff's interest in the farm be set aside and cancelled, and that she have a separation from bed and board with provision for her support and maintenance.

The prior judgment directing the specific performance of the separation agreement is a bar to the plaintiff's present first cause of action to have the agreement declared null and void. The prior judgment involved a finding that the separation agreement was a valid and enforcible contract, otherwise specific performance could not have been decreed. All of the facts now alleged as a basis for voiding the agreement would have been available as a defense in the prior action. " * * * a judgment is conclusive between the same parties and their privies upon all matters embraced within the issue in the action, and which were or might have been litigated therein. It is immaterial whether issue was joined by the defendant, or tendered by the plaintiff and left unanswered. The rule applies as well to a judgment by default when the facts stated warrant the relief sought as to one rendered after contest. (*Gates* v. *Preston,* 41 N. Y. 113; *Newton v. Hook,* 48 id. 676.)'' (*Goebel* v. *Iffla,* 111 N. Y. 170, 177. See, also, *Reich* v. *Cochran,* 151 N. Y. 122.)

The prior judgment is *res judicata* as to the issues tendered by the plaintiff's first cause of action, and as long as such prior judgment is in force it is a bar to another action involving the same issues.

The separation agreement having been adjudicated in the prior action as a valid and enforcible contract, the plaintiff is not in a position to maintain the present second cause of action for a separation, based on acts which took place prior to the execution of the agreement, or on abandonment arising from the husband's failing to live with the wife after the agreement and in pursuance thereof. (*Curtis* v. *Curtis*, 29 Misc. 257; *Benesch* v. *Benesch*, 182 App. Div. 221; *Rosenblat* v. *Rosenblat*, 209 App. Div. 373; *Oatman* v. *Oatman*, 267 App. Div. 805.)

The plaintiff's motion for an order setting aside and canceling said deed, and vacating and voiding said separation agreement, and for an order granting her alimony and counsel fees, is in all respects denied.

The defendant's cross motion for a dismissal of the plaintiff's complaint is granted, with $10 costs.

Prepare order accordingly.