In the Matter of NELLIE J. CLIFFORD, Respondent, against H. BOGART SEAMAN, as Treasurer of Nassau County, et al., Appellants, and CHARLES E. RANSOM, as County Clerk of Nassau County, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act, H. Bogart Seaman and James S. Keily appeal from a final order in favor of petitioner which directed Seaman, as County Treasurer, to allow a redemption from a tax sale of two lots of land, formerly owned by petitioner, and further directed the cancellation of the tax deed from Seaman to Keily. Order unanimously affirmed, with $50 costs and disbursements. Petitioner alleged in her petition that a notice to redeem, claimed to have been served on her pursuant to the provisions of section 5-51.0 of the Nassau County Administrative Code, was defective, in that it did not properly specify the tax item for which the tax lien had been sold, and attached to her petition, in support of her contention that no notice was served on her as required by the statute,· an affidavit of the purchaser's attorney, apparently filed with the County Treasurer, which disclosed that the notice had been served on one Nellie Tamlin, and not on petitioner, who had purchased the property under her maiden name, Tamplin. Appellant Seaman served no answer, but moved to dismiss the petition for legal insufficiency. Appellant Keily filed affidavits in opposition, but served no answer. By the service of such affidavits, alone, without an answer, no issue of fact was presented which required a trial, and the Special Term was authorized to grant a final order in accordance with the allegations of the petition. (Civ. Prac. Act, §§ 1291, 1297; *Matter of Gardiner* v. *Harnett,* 255 App. Div. 106; *Matter of Sitts* v. *Mealey,* 173 Misc. 82.) However, if we consider the affidavits submitted as an answer, they are still insufficient to establish service of the notice on petitioner. An examination of the reproduction in the record of the envelope in which appellant Keily claims to have mailed the notice, discloses that the name of the addressee, Tamplin, was defectively written, so that it could have been read as Tamolin, or Tamblin and, concededly, the notice which the envelope enclosed was never delivered to petitioner. Moreover, the notice to redeem states that the property was sold for "unpaid 1944–1945 School and 1945". We assume that it was intended to state that the sale was for the 1944–1945 school tax and the 1945 town tax, and would be so understood. Concededly, however, the 1945 town tax had been paid by petitioner and, under the circumstances disclosed by her petition, she was justified in believing that she had paid the 1944–1945 school tax. The county had no authority to sell the combined lien of paid and unpaid taxes, and a notice which stated that such a sale had been made was not the notice required by the provisions of the Administrative Code, which must be strictly observed if the notice is to be considered effective to cut off the property owner's right of redemption. (Cf. *Helterline* v. *People,* 295 N. Y. 245.) Not having been served with the notice required by the statute, petitioner had the right to redeem her property, despite the delivery of the County Treasurer's deed. (Nassau County Administrative Code, § 5-51.0, subd. g.) That right was properly en*f·· ⁻* in a proceeding pursuant to article 78

of the Civil Practice Act, and since all parties concerned were before the court, the tax deed was properly cancelled. (Cf. *People ex rel. Cooper* v. *Registrar of Arrears of City of Brooklyn*, 114 N. Y. 19.) Present — Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ.