Donald S. Taylor, J.
The petitioner, an honorably discharged and disabled veteran of World War II, in this proceeding instituted pursuant to article 78 of the Civil Practice Act seeks to invoke its mandamus provisions to compel the respondent commissioner of public works of the City of Troy, New York, to reinstate him with accrued salary to his position in the labor class of said city which he had occupied from 1945 until his discharge on January 13 of this year. Admittedly there was no compliance by the respondent with the provisions of section 22 of the Civil Service Law which has been held to apply to laborers. (Matter of O’Brien v. Hughes, 270 App. Div. 1072, 1073.)
The respondent has served no answer as required by section 1291 of the Civil Practice Act but has served an affidavit which the parties seem to regard as an answer and which sets forth *1042 Ms sole contention, the gist of which is that the petitioner was not validly appointed to the position to which he seeks to be restored. (See Matter of Gardiner v. Harnett, 255 App. Div. 106, 107; Matter of Clifford v. Seaman, 278 App. Div. 667.) On the oral argument his counsel conceded that if the petitioner was properly appointed he has been improperly discharged.
It appears that in October, 1955 the petitioner was dismissed from his position by the then commissioner of public works of the City of Troy without a hearing upon stated charges after due notice in the manner provided by section 22 of the Civil Service Law. He thereafter instituted an article 78 proceeding-in which he sought reinstatement to his former position.
By an order granted without opposition in that proceeding this court (Supreme Court, Albany County, Nov. 10, 1955, Schirick, J.) upon a finding that the petitioner had been arbitrarily and unlawfully dismissed from his position, directed his reinstatement thereto and the payment of his salary from the date of his discharge to the date of his reinstatement. Inherent in a finding of unlawful dismissal in such circumstances is one of lawful employment. The issue of the validity of the petitioner’s appointment was tendered in that proceeding and might have been litigated therein by the respondent’s predecessor in office. That he elected not to oppose the petitioner’s application is of no moment. “ The rule applies as well to a judgment by default when the facts stated warrant the relief sought as to one rendered after contest.” (Adamik v. Adamik, 190 Misc. 851, 853; Slote v. Cascade Holding Corp., 276 N. Y. 239; Jasper v. Rosinski, 228 N. Y. 349; Newton v. Hook, 48 N. Y. 676.) A parallel rule obtains as to a final judicial determination made in a special proceeding such as this. (Post v. Lyford, 285 App. Div. 101; Nastasi v. State of New York, 194 Misc. 449, revd. on other grounds 275 App. Div. 524, affd. 300 N. Y. 473.) That the petitioner was duly appointed to such position has thus been duly adjudicated in that proceeding and such adjudication is determinative of the only issue here presented. (Cassella v. City of Schenectady, 281 App. Div. 428.)
There are other grounds which in my view lead to a similar decisional result.
The respondent’s affidavit states: “ 4. That under and pursuant to Rule V of the Rules for the Classified Civil Service and Section 13 of the Civil Service Law entitled, ‘ The Exempt Class ’, states in substance, that all unskilled laborers in the service of the State or Cities therein, in which the provisions of the Civil Service Law [are] administered by the said Commis *1043 sion are in the Exempt Class. 5. That under Rule VI entitled ‘ Appointments in the Exempt Class ’, the following provision is made for the appointment of employees of the Exempt Class, to wit: ‘ Appointments may be made to the Exempt Class without examination ’. ‘ Notification of such appointments shall be made forthwith for entry upon the official roster and subsequent certification for payment of salaries. ’ 6. That your deponent has made an investigation of the records of the Department of Public Works of the City of Troy, New York, and has found that no notification to the Commissioner of the appointment of the petitioner herein, was made and that his name appears on no roster in the Department of Public Works and, upon information and belief, that his name does not appear on any roster kept by the New York State Civil Service Commission. 7. That the petitioner herein was never properly appointed to a position in the Exempt Class in The City of Troy, New York, that he holds no position in the Exempt Class within the meaning of the Civil Service Law, and the Rules for the Classified Civil Service.”
In the city of Troy the classified civil service is administered under the jurisdiction of the Municipal Civil Service Commission appointed pursuant to the provisions of section 11 of the Civil Service Law. The petitioner’s position concededly was in the labor class of the municipality’s civil service arrangement. (Municipal Civil Service Rules for the City of Troy, rule XVIII; Civil Service Law, § 12.) Hence, subdivision 4 of rule V and rule VI of the Rules For The Classified Civil Service entitled respectively “The Exempt Class” and “Appointments in the Exempt Class ” to which the respondent’s affidavit refers pertain only to a city in which the provisions of the Civil Service Law are administered by the State Department of Civil Service and consequently have no application to the petitioner’s appointment.
It appears from the petitioner’s papers that he had served in a position in the city’s labor class between 1945 and the date of his discharge, during which period the payrolls of the Department of Public Works containing his name and attesting to the performance of his service and the correctness of the amount due him therefor were certified to the municipal commission and the auditing and disbursing officers of the city by the head of his department. Indeed such a certification was made by the respondent himself for the payroll period which ended on January 6,1956. It also appears that such payrolls contained a certification by the Municipal Civil Service Commission in the
*1044 form, prescribed by rule XIX of its rules[1] that the petitioner was duly appointed or employed in accordance with the Civil Service Law and the rules made in pursuance thereof.
Upon these undisputed and uncontradicted facts a presumption arises which is not rebutted that the appointing officer and the municipal commission acted in compliance with the Civil Service Law and the applicable Municipal Civil Service Rules in respect to petitioner’s original appointment. (Van Tassell v. Hill, 285 App. Div. 584, 586; Kane v. Walsh, 295 N. Y. 198, 206.) “ The general presumption is that public officials, as well as boards, act honestly and in accordance with law.” (Matter of Magnotta v. Gerlach, 301 N. Y. 143,149.)
Finally the cases relied on by the respondent are distinguishable in that it was affirmatively established therein that the respective petitioners had not been appointed pursuant to apposite statutes and rules. (See Matter of Phillips v. Murray, 240 App. Div. 705; Matter of Chiaverini v. Murray, 237 App. Div. 856, affd. 262 N. Y. 573; Matter of Walsh v. Patterson, 157 *1045 Misc. 713, affd. 257 App. Div. 917; Matter of Smolarek v. Roche, 250 App. Div. 891.)
It follows that the petitioner should be restored to his former position in the labor class of the city’s civil service and should be compensated for his lost wages or salary between the date of his discharge and the date of his reinstatement. A peremptory order of mandamus may so issue with $25 costs.
Settle order accordingly on notice of three days.

. Rule XIX of the Municipal Civil Service Rules during petitioner’s employment provided in part as follows:
CERTIFICATIONS OF PAY-ROLLS.
For the purpose of certification of pay-rolls and drafts and accounts, as required by the Civil Service Law, appointing officers and heads of departments shall furnish the Commission with pay-rolls, accounts and certificates in form and manner, as follows:
1. Heads of departments of offices in the city service whose employees are paid individually direct from the treasury of the city, shall furnish the Commission, at least forty-eight hours before payment is to be made, a pay-roll in triplicate, showing the names of the persons to be paid, the title of the position held or kind of service performed by each such person, the rate and amount of compensation to which he is entitled, and the period for which he is to be paid; and shall certify that the persons named therein are employed solely in the proper duties of the positions and employments indicated, and that persons described as or proposed to be paid as “ laborers ” are employed at ordinary labor only. After examination and certification by the Commission as hereinafter prescribed, one of such triplicates shall be retained and filed by the Commission, and two of such triplicates shall be transmitted by it to the Comptroller and City Treasurer for further examination and payment, as required by law, and one of said triplicates shall accompany the warrant on the City Treasurer. The Commission may refuse to certify any pay-roll not complying with the provisions of this subdivision. * * *
3. The Commission, or its duly authorized representative shall compare such pay-roll, draft or account for services with the official roster and shall attach thereto or place thereon a certificate in form substantially as follows:
It is hereby certified that the persons named in the within pay-roll, draft or account, have been appointed or employed in accordance with the Civil Service Law and the rules made in pursuance thereof.
Municipal Civil Service Commission.