Samuel M. Gold, J.
Parsons Sanitarium, Inc., a stock corporation, was organized in 1931. Its charter declares its purpose to be the establishment and maintenance of facilities and conveniences “ for the use of private patients, of physicians and surgeons, where the patients might receive medical or surgical *380 treatment from such physicians and surgeons ”, and where they might obtain, in addition, board, lodging, care and nursing. Since March, 1932, Parsons Sanitarium, Inc., has operated a private proprietary sanitarium in accordance with said charter provision. Each year its license was renewed by the department of hospitals of the City of New York. The application forms for such license provided, where application was made by a corporation, for execution of the application by an agent of the corporation, in accordance with an express provision of the rules and regulations promulgated by the department of hospitals. In September, 1956, an application for a renewal of the license, executed by petitioner as agent of Parsons Sanitarium, Inc., was disapproved on the ground that the department of hospitals would not issue a license to operate a private proprietary hospital to a stock corporation or to an agent thereof. The present proceeding seeks to review and annul this determination.
By an amendment to the Social Welfare Law (§ 35-b), effective April 4, 1956 (L. 1956, ch. 301), the operation of private proprietary hospitals throughout the State was restricted to licensed physicians and partnerships of licensed physicians. However, the amendment expressly excepted “ such hospitals as are in operation on the date this section takes effect which are licensed pursuant to any law or are approved by the state department of social welfare ”. This exception was designed for the protection of hospitals which on the effective date of the amendment, were legally operated by laymen or by corporations. The respondents maintain, however, that Parsons Sanitarium, Inc., is not entitled to the benefit of the express exception contained in the 1956 amendment, because the licenses which had been issued to it yearly, for a quarter of a century, were issued to it erroneously, in that a stock corporation is not and was not authorized by law to operate a private proprietary hospital.
It is true that it has been held that a stock corporation may not practice medicine (People v. Woodbury Dermatological Inst., 192 N. Y. 454). In the cited case, the court intimated that hospitals, dispensaries and other corporate institutions which did practice medicine, must be incorporated under the Membership Corporations Law. It does not necessarily follow, however, that a stock corporation such as Parsons Sanitarium, Inc., which employs no doctors or surgeons of its own, but merely furnishes physical facilities where patients may be treated and operated upon ]by their own physicians and surgeons, is not authorized bv law to perform these functions.
*381 The petition alleges that the medical care and surgical treatment at Parsons Sanitarium, Inc., are administered by the patients’ physicians and surgeons, and that the sanitarium merely furnishes board, lodging, care and nursing. This allegation is admitted in the answer, by failure to deny. Paragraph 4 of the petition alleges that the sanitarium makes no charge for medical or surgical services, these being rendered by patients’ private physicians and surgeons and charged for by the latter. The paragraph alleges, further, that Parsons Sanitarium, Inc., does not directly or indirectly practice medicine and that it does not share, directly or indirectly, in the fees paid to the physicians and surgeons. Although the answer “ denies any knowledge or information sufficient to form a belief ” as to the allegations of paragraph 4 of the petition, the respondents have failed to serve and submit with their answer 1 ‘ affidavits, made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle [them] to a trial of any issue of fact ” (Civ. Prac. Act, § 1291). In view of the absence of evidentiary proof that Parsons Sanitarium, Inc., does practice medicine, the allegations of the petition that it does not do so must be accepted as true (Matter of Ackerman v. Kern, 256 App. Div. 626; Matter of Gardiner v. Harnett, 255 App. Div. 106; Matter of Clifford v. Seaman, 278 App. Div. 667). In the circumstances, the determination sought to be reviewed must be set aside as arbitrary and capricious. At the effective date of the 1956 amendment, previously referred to, Parsons Sanitarium, Inc-., was in operation and was licensed pursuant to law. It was not, as far as appears, practicing medicine, and the fact that it is incorporated under the Stock Corporations Law rather than under the Membership Corporations Law is, therefore, of no moment.
Before concluding, it may not be amiss to point out that the petition alleges that respondents have renewed the licenses of lay persons to operate sanatoria in existence on April 4, 1956. This allegation must be deemed admitted in the absence of an affidavit to the contrary, required by section 1291 of the Civil Practice Act, in order to present a triable issue. It is difficult to understand the respondents’ discrimination between sanatoria operated by laymen and those operated by corporations, especially where, as here, all the officers and stockholders of the corporation are duly licensed physicians. If the operation of a sanitarium constitutes the practice of medicine, neither a layman nor stock corporation may properly be licensed to engage in such operation.
The motion is granted. Settle order.