Donald S. Taylor, J.
The petitioner is a corporation organized on July 26, 1935 under the Stock Corporation Law. It has filed with respondent a certificate to change its name from “ Hayes-Seventy-Third Corp.” to “ Physicians Hospital, Inc.”. The respondent has rejected the certificate. In the present proceeding instituted pursuant to article 78 of the Civil Practice Act the petitioner seeks to review the determination of the respondent and to direct him to accept and file the certificate of change of name.
Among the powers and objects as set forth in its certificate of incorporation are the following: “2. To provide, furnish and equip buildings so erected with rooms for private patients, receptions, operating rooms, diet kitchens, anaesthetizing rooms, dining rooms, solariums, pathological, clinical, x-ray and other laboratories, but this corporation shall not directly or indirectly furnish medical or surgical services or treatment.”
The record demonstrates that since the date of its incorporation the petitioner has owned and operated a private proprietary hospital which merely furnishes physical facilities where and whereby its patients may be treated by physicians or surgeons of their own choice. Throughout the period of its existence it has used the name “ Physicians Hospital ”. It is undisputed that in 1940 the petitioner originally applied to the Department of Hospitals of the City of New York for a license to own and operate a private proprietary hospital. Its application was then granted and a license issued to it to operate such under the name of ‘ Physicians Hospital ’ ’. In every year thereafter *373 including 1956, upon an appropriate application, a similar license has been issued.
By an amendment to the Social Welfare Law (§ 35-b as added by L. 1956, ch. 301, eff. April 4, 1956), the operation of private hospitals for profit was restricted to ‘ ‘ physicians duly licensed by the state department of education and partnerships of such physicians ”. However, the statute expressly excepts‘ such hospitals as are in operation on the date this section takes effect which are licensed pursuant to any law or are approved by the state department of social welfare.” The saving clause of the statute was designed to permit a stock corporation such as the petitioner which, on the effective date of the statute, was legally operating a licensed private proprietary hospital to continue to do so. (Matter of McNeely v. DeSapio, 6 A D 2d 976; Matter of Yanover v. MacLean, 4 Misc 2d 379.) Inherent in the preserved statutory right to continue its operation is the concomitant privilege to have its name changed to one not proscribed by law. Ooncededly, the use of the word “hospital ” as a part of the name of a corporation organized under the Stock Corporation Law is not forbidden. (See 1935 Atty. Gen. 232.)
The respondent asserts that the use of the word “ hospital ” in the corporate name is deceptive and misleading. It is difficult to perceive how this designation in the name of a corporation which functions as a hospital could have the deceptive result which the respondent foresees. In fact, the present name of the petitioner which gives no hint of its purposes or objects is a misnomer.
The contention that the petitioner is not entitled to the benefit of the express exception which the statute contains because its certificate of incorporation was not approved by the Department of Social Welfare is without merit. The license issued to petitioner by the Department of Hospitals of the City of New York equates the statute’s requirement. (Matter of Yanover v. MacLean, 4 Misc 2d 379, supra.)
It follows that the respondent’s determination has no rational basis in law and is arbitrary and capricious.
Accordingly, the respondent is directed to accept and file the certificate of change of name in the form heretofore proffered by the petitioner upon payment of the statutory fee.
Submit order.