In the Matter of HAYES-SEVENTY-THIRD CORP., Respondent, against CARMINE G. DESAPIO, as Secretary of State of the State of New York, Appellant.

Third Department, December 31, 1959.

*Louis J. Lefkowitz, Attorney-General* (*Herman F. Nehlsen* and *Paxton Blair* of counsel), for appellant.

*Curran, Mahoney, Cohn & Stim* (*Menahem Stim, Allen S. Stim* and *John F. Kelly* of counsel), for respondent.

BERGAN, J. The petitioner is a stock corporation which sent to the Secretary of State for filing an amendment to its corporate name from " Hayes-Seventy-Third Corp." to " Physicians Hospital, Inc.". The Secretary of State refused to file the amended certificate on the ground petitioner was not entitled to operate a hospital and was not entitled to use the word " hospital " in its name.

The court at Special Term (16 Misc 2d 371) in this proceeding under article 78 of the Civil Practice Act has directed the Secretary of State to accept the amended certificate for filing and this appeal results from that order.

The petitioner's certificate of incorporation states its corporate purposes, among others, are to provide rooms for private patients, operating rooms, and laboratories, but not " medical or surgical services or treatment ". Unless petitioner maintained a hospital which was " in operation ", and was " licensed pursuant to any law " when section 35-b of the Social Welfare Law took effect April 4, 1956, it is expressly prohibited by that section from operating a hospital for profit (*Matter of McNeely* v. *DeSapio,* 6 A D 2d 976, affd. 6 N Y 2d 727).

The saving clause in the 1956 statute might possibly be read as entitling any licensed hospital, as an institution, to continue without requiring the particular person or corporation conducting it to continue to own it. The literal language of the excep-

tion is "except such hospitals as are in operation on the date this section takes effect".

But when the whole section is read in context its manifest purpose is clear to deal with and to limit the ownership and maintenance of hospitals for profit by persons not physicians. It is aimed, not at institutions, but at proprietory owners of institutions. It opens with the words: "Only physicians * * * and partnerships of physicians may operate hospitals for profit".

Therefore the words "such hospitals as are in operation * * * [and] are licensed" necessarily refer to the licensed nonprofessional owners and not merely to the institutions. It is the licensed nonprofessional owner of a proprietory hospital who may continue to operate it against the prohibition of the statute. To hold otherwise would be to say that if the institution were licensed the nonprofessional owner could freely pass on the privilege. The decision in *McNeely* was the other way.

If petitioner may not operate a hospital the Secretary of State would be warranted in refusing to take for filing a change of name to "Physicians Hospital, Inc.". For the purpose of this proceeding we take as true the allegation of the petition that petitioner operated a private hospital from the time of incorporation in 1935 and continued to do so to the time this proceeding was instituted, although this is denied by respondent. No triable issue is shown by this mere denial since the burden is on respondent under section 1291 of the Civil Practice Act to show the existence of an issue which requires a trial.

Without passing on the right of the petitioner to operate a hospital within the frame of its corporate charter, we examine as controlling on this appeal the question whether it was "licensed" pursuant to law to operate a hospital on April 4, 1956. The petitioner alleges it was licensed by the Department of Hospitals of the City of New York "to own and operate" the proprietory hospital described in the petition.

This allegation is denied by the Secretary of State, and such denial rests on the certificate of license issued by the Department of Hospitals which is made part of the petitioner's papers. That license was issued to Fred G. Grunwald, [*sic*] M. D., who is named as the "licensee". Immediately under the line "Licensee:" with Dr. Grunwald's name following, is another line "Institution: Physicians Hospital".

The institution "Physicians Hospital" is the name under which the petitioner corporation was doing business; but a description of an "institution" and the name of a "licensee"

are two different things and on the face of the official papers the petitioner fails to show that it was "licensed" pursuant to law as a hospital when section 35-b of the Social Welfare Law took effect.

A physician and not the petitioner corporation held the license. It might be argued that the license went to "Physicians Hospital" but that is not the way the instrument reads. It specifically licensed and named a physician and the "institution", stated distinctly and differently from that "licensee" is merely descriptive of what hospital the licensee was authorized to operate. This descriptive name falls in the same category as the lines following in the license which state "address" and "capacity".

It is true that in the application to the Department of Hospitals for the license Dr. Greenwald stated that petitioner corporation was owner of the building which the hospital would use and gave, in answer to the question calling for the name "if conducted as a corporation", the name of petitioner. But the application stated that the doctor (and not the petitioner) "hereby applies for permit to conduct a private hospital" and, whatever else the application may have suggested or implied, it was the doctor and not the petitioner who received the license.

On August 26, 1958 the Commissioner of Hospitals sent to petitioner's attorneys, while this proceeding was pending and for the purpose of use herein, a letter interpreting the license as having been issued to Dr. Greenwald "as designee and agent" of petitioner "in accordance with the decision rendered in the *Matter of Yanover*." [4 Misc 2d 379.]

The license upon which petitioner relies does not say this. It names the doctor as the licensee without qualification or description and nowhere shows the petitioner's name. The form of application would not in any case be controlling on this issue; when we are called upon to determine whether petitioner was licensed in 1956 within the terms of the statute, we read as conclusive the license produced by petitioner and this shows on its face a license issued to a physician.

If it was the intention of the licensing officer to issue the license in a different form, or if petitioner was in fact entitled to a license it did not get, relief may be sought through the licensing officer or by some appropriate proceeding. The explanation that it was issued "to" the licensee as agent in accordance with a court decision has no legal effect against the plain terms of the license itself and in any case is equivocal and inconclusive.

We feel bound to read it according to its own terms. On this record the Secretary of State was entitled to refuse the amended certificate.

The order should be reversed on the law and the petition dismissed, with $10 costs.

FOSTER, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Order reversed, on the law, and the petition dismissed, with $10 costs.