Bebnaed S. Meyeb, J.
In this article 78 proceeding, petitioners seek an order directing the Treasurer of Nassau County to permit redemption of a tax lien and to cancel a tax deed and directing the County Clerk of Nassau County to cancel said tax deed of record. Petitioners purchased the subject property in 1955; they also own adjoining lots. Respondent G-iavasis purchased the tax lien in 1958 against 1957-1958 taxes, and has paid the taxes ever since. Petitioners have paid no taxes on the subject property since 1957, allegedly under the impression that the tax payments made by them in the years after 1957 covered the subject property and the other lots. In March, 1961, respondent Giavasis mailed a notice of redemption to petitioners at “ 10201 Bay Harbor, Miami Beach, Florida,” that being the address shown for petitioners in the recorded deed dated December, 1955 by which petitioners took title. The notice was returned by the Post Office marked “ moved and left no address.” *112 Respondent Giavasis then filed an affidavit of compliance with the County Treasurer and a treasurer’s deed was issued to her in June, 1961. At the time of mailing of the notice of redemption the records of the County Treasurer for 1957 county taxes showed as petitioners’ address “8111 Crespi Boulevard, Miami Beach, Florida.”
In August, 1962, petitioners received a letter from respondent Giavasis ’ attorney offering to pay them for signing a quitclaim deed. When they failed to accept, respondent Giavasis began a bar claim action in the County Court of Nassau County and caused the summons and complaint to be served upon petitioners on September 12,1962 by a Dade County Sheriff in Miami Beach. Petitioners then sought to redeem by tendering payment to the Treasurer of Nassau County; their application was rejected on the ground that a deed had been made to respondent Giavasis in 1961.
Petitioners argue that redemption must be allowed because the notice of redemption was not received by them and was defective because not mailed to their “last known address.” Their application is granted. (Schwarts v. Armour Fertilizer Works, 16 A D 2d 947; Matter of Clifford v. Seaman, 278 App. Div. 667, motion for leave to appeal denied 302 N. Y. 948.) The Nassau County Administrative Code (L. 1939, chs. 272, 701) required search by respondent Giavasis of the records kept by the County Clerk, the County Treasurer, the Surrogate of Nassau County and the Receiver of Taxes for the Town of Hempstead (§ 5-51.0; see, also, § 5-57,2, subd. b, pars. 3, 1). Had she searched those records, she would have discovered the later address of 8111 Crespi Boulevard, Miami Beach, Florida, in the County Treasurer’s records. Petitioners’ use of the 1955 address taken from the recorded deed when the County Treasurer’s record showed a different 1957 address does not meet the requirement of section 5-51.0 that notice be mailed to the last known address, and the delivery of the County Treasurer’s deed does not rectify the omission (Matter of Clifford v. Seaman, supra).
The court rejects the defense raised by respondent that the County Court action under section 500 of the Real Property Law bars jurisdiction of this court in an article 78 proceeding (Matter of Glen Springs Corp. v. Hager, 272 App. Div. 652). Nor does the defense of laches avail respondent since the only act done by her in claimed reliance on petitioners’ inaction was the payment of taxes for intervening years, for which she will be reimbursed (Nassau County Administrative Code, § 5-50.0; Marcus v. Village of Mamaroneck, 283 N. Y. 325; Groesbeck *113 v. Morgan, 206 N. Y. 385; Feldman v. Metropolitan Life Ins. Co., 259 App. Div. 123).
Settle order on notice directing the Treasurer of Nassau County to permit redemption of the tax lien, directing the County Clerk of Nassau County to cancel the tax deed and staying proceedings in the County Court.