George W. Herz, J.
Kew Gardens Sanitarium, Inc., and Alphonse Ziviello move for leave to reargue their motion for an order pursuant to article 78 of the Civil Practice Act (which motion was made prior to Sept. 1, 1963), reviewing the determination of the Associated Hospital Service of New York (hereinafter referred to as Blue Cross) in refusing to process claims of Blue Cross subscribers for hospitalization at Kew Gardens General Hospital (hereinafter referred to as the Hospital) and directing Blue Cross to process them. The papers submitted upon the argument of the original motion establish that Bay E. Trussell, as Commissioner of Hospitals of the City of New York (hereinafter referred to as the Hospital Commissioner) had as of February 15, 1963, refused to renew the license of the Hospital for reasons assigned by him, and that on May 20, 1963, the Commissioner of Social Welfare of the State of New York, the Honorable George K. Wyman (hereinafter referred to as the Welfare Commissioner) had withdrawn approval of the Hospital as a Blue Cross hospital. Blue Cross urged that sections 250 and 254 of the Insurance Law of the State of New York precluded it from paying for the rendition of hospitalization services to its subscribers by the Hospital because, as of the date said services were rendered, the Hospital was not licensed to operate and was not approved by the Welfare Commissioner for Blue Cross contracts. This court denied the original motion of the petitioners upon the ground that they had not established a clear legal right to the relief sought, which was in the nature of mandamus.
The Hospital Commissioner had refused to renew the license on the ground that a lease and a sublease made by the corporate petitioner with its landlord and two radiologists violated section 35-b of the Social Welfare Law and, in consequence, the Hospital *92 and the corporate petitioner were not legally eligible to be licensed. By the order of Mr. Justice Jambs A. Bob, Jr., dated July 18, 1963, the determination of the Hospital Commissioner was annulled and he was directed to forthwith issue a license to operate to the Hospital (39 Misc 2d 742). The Hospital Commissioner appealed from said order and the Appellate Division, pending the determination thereof, vacated the statutory stay, relied upon by the Hospital Commissioner, and directed the issuance by him of a temporary license to the Hospital pending the determination of the appeal taken by the Hospital Commissioner from the afore-mentioned order. Said temporary license was duly issued on September 18, 1963.
Thereupon, the petitioners brought the within motion to reargue their original motion. Blue Cross, in opposition thereto, urges that it continues to be unable, by virtue of the cited provisions of the Insurance Law, to pay the Hospital for services rendered its subscribers because the Hospital does not have the necessary approval of the Welfare Commissioner. It also relies upon its original position that the proceeding was not brought by the petitioners within the statutory four-month period allowed by section 1286 of the Civil Practice Act (CPLB 217).
With the aforesaid motion pending, the petitioners instituted another so-called article 78 proceeding for an order reviewing the determination and act of the Welfare Commissioner in refusing to designate the Hospital as approved for membership as a Blue Cross hospital, vacating his withdrawal of approval of the said Hospital and directing him, pending the determination of the appeal taken by the Hospital Commissioner, to approve the Hospital for Blue Cross participation benefits.
Upon stipulation, both the aforesaid motion to reargue and the proceeding against the Welfare Commissioner were ordered consolidated by order dated October 2, 1963.
In opposing the relief sought by the petitioners, the Welfare Commissioner urges as affirmative defenses: (1) that his action was neither unlawful, arbitrary nor capricious; (2) that the corporate petitioner has no corporate power to own and operate a hospital; (3) that the ownership of the Hospital by the corporate petitioner is an ultra vires act since its certificate of incorporation contains the following language: “This corporation shall not render medical or surgical treatment ”; (4) the corporate petitioner is not legally entitled to a license to operate a hospital under section 35 of the Social Welfare Law and is not legally entitled to a license; (5) that the individual petitioner *93 is not a proper party since he is an agent and not the true owner and operator of the Hospital; and (6) that the corporate petitioner makes no prayer for relief but ‘ ‘ inserts the Kew Hardens Hospital, as the petitioner seeking relief ”.
With respect to the second defense, paragraph second, subdivision b, of the certificate of incorporation gives the corporate petitioner authority to own and operate a sanitarium.
Black’s Law Dictionary (4th ed., p. 1508) states that a sanitarium is a “ Health station or retreat; boarding-house, or other place where patients are kept and where medical or surgical treatment is given. City of Atlanta v. Blackman Health Resort, 153 Ga. 499, 113 S. E. 545, 548.”
The American Illustrated Medical Dictionary (22nd ed.) states a sanitarium is an “ establishment for the treatment of sick persons, especially a private hospital”.
The afore-mentioned edition of Black’s Law Dictionary, at page 871, defines a hospital as “ An institution for the reception and care of sick, wounded, infirm, or aged persons; generally incorporated 8 8 8 Also the building used for such purpose. In re Curtiss (Sur.), 7 N. Y. S. 207; Noble v. First Nat. Bank of Anniston, 241 Ala. 85, 1 So. 2d 289, 290.”
The court finds that the ownership and operation of the Hospital is authorized by the corporate petitioner’s certificate of incorporation.
The third defense has no merit. The operation of the Hospital, as the facts indicated it is operated by the corporate petitioner, does not constitute the ‘1 rendition of medical or surgical treatment” (Matter of Yanover v. MacLean, 4 Misc 2d 379).
As to the fourth affirmative defense, the corporate petitioner is legally licensed to operate the Hospital and has been so licensed for the period commencing September 18,1963, pending the determination of the aforesaid appeal by the Hospital Commissioner.
The fifth affirmative defense is disposed of by resort to the temporary license to operate the Hospital which was issued by the Hospital Commissioner on September 18,1963, to licensee(s) Alphonse Ziviello, M. D. (representative of Kew Hardens Sanitarium, Inc.). Further, the license was granted upon the application of Alphonse Ziviello in accordance with the regulations and requirements of the Department of Hospitals. That, in the court’s opinion, is sufficient to make him a proper party.
The sixth affirmative defense has no merit. From the entire petition, it is crystal clear that relief is sought by the corporate *94 petitioner. If relief were denied to it merely because in the prayer of petitioner relief is sought in the trade name of the corporate petitioner rather than its strict corporate name, it would permit mere form to defeat substance, contrary to the modern concept.
The evidence indicates that the Welfare Commissioner predicated his withdrawal of approval of the Hospital upon the refusal of the Hospital Commissioner to renew the license. The license having been issued, the act of the Welfare Commissioner in continuing the withdrawal of his approval of the Hospital and his refusal, after the temporary licensing of the Hospital, to approve the Hospital pending the determination of the said appeal, is found to be arbitrary and capricious.
The Welfare Commissioner’s withdrawal of his approval of the Hospital for Blue Cross participation, pending the determination of the Hospital Commissioner’s appeal, is annulled and the Welfare Commissioner is directed to approve the Hospital for payment by Blue Cross for hospitalization rendered by the corporate petitioner to Blue Cross subscribers pending the determination of said appeal.
With respect to the petitioners ’ motion to reargue its motion for relief against Blue Cross, reargument is granted and, upon reargument, the original decision is adhered to. Although the court now directs that approval be given to the Hospital by the Welfare Commissioner, effective as of September 18, 1963, until such time as the Hospital has both a license to operate and the approval of the Welfare Commissioner, the petitioners have not established a clear legal right to the relief sought against Blue Cross. Predicated upon the attitude of the attorneys for Blue Cross during the several conferences with the parties, the court assumes that upon compliance by the Welfare Commissioner with the court’s direction to approve the Hospital, the claims of Blue Cross subscribers for hospitalization at the Hospital subsequent to September 18, 1963, will be processed. In any event, the proper avenue for relief for the petitioners, predicated upon facts occurring after the entry of the order sought to be reargued, should be in a de novo proceeding rather than by reargument.
In the light of the disposition hereof, it is not necessary to pass upon the Blue Cross contention that the petitioners’ proceeding was not commenced within the statutory four-month period.